UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY YORK, § | | |
| Individually and On Behalf of All § | | |
| Others Similarly Situated, § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| vs. § | CIVIL ACTION NO. 4:15-cv-3076 | |
| § | | |
| RWDY, INC., BRIAN OWEN, AND § | | |
| MARATHON OIL COMPANY § | | |
| § | | |
| Defendants. § | | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

Now comes Plaintiff Tommy York, ("Plaintiff"), on behalf of himself and all others similarly situated, and file this Original Complaint, as follows:

### I.   PRELIMINARY STATEMENT

1.   RWDY, Inc. ("RWDY"), Brian Owen and/or Marathon Oil Company ("Marathon") (collectively, "Defendants") were formerly the joint and/or co-employers of Plaintiff Tommy York.  Mr. York worked as an HSE (Health, Safety, Environment) Advisor for Defendants from November of 2011 until the end of 2014.  He interviewed and was hired by RWDY and Mr. Owen, and he worked exclusively as an HSE Advisor for Marathon, inspecting various drilling rigs operated by Marathon, using a defined list of guidelines and regulations, to ensure that Marathon's drilling rigs were in compliance with occupational safety and environmental rules and regulations.  While employed by Defendants, Mr. York was misclassified as an

independent contractor, despite the fact that he worked full time for Defendants, and virtually every aspect of his job was controlled by Defendants. Defendants misclassified Mr. York as an independent contractor to avoid paying employment taxes, benefits and overtime. During his time with Defendants, Mr. York typically worked between 16-20 hours per day, and generally worked two weeks on and two weeks off. Mr. York received a day rate regardless of the number of hours he worked in a given day or week, and never received overtime pay.

2. Plaintiff, on behalf of himself and all others similarly situated, brings this collective action to recover overtime compensation and all other available remedies under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. 201 *et. seq.* (the "FLSA").

3. This collective action consists of current and former HSE Advisors or other job title performing substantially similar job duties as Plaintiff who worked for Defendants in the three years preceding the filing of this suit and who were not paid overtime compensation at one-and-a-half times their regular rate of pay for each hour worked in excess of forty in a week in violation of the FLSA.

4. For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

## II.     PARTIES

5. Plaintiff Tommy York is an individual residing in Texas. Plaintiff's Notice of Consent is attached hereto as Exhibit 1.

6. Defendant RWDY, Inc. is a Texas corporation with its principal place of business in Texas. RWDY may be served through its President, Brian Owen, at 908 Town & Country Blvd., Ste. 120, Houston, TX 77024, or where found.

7. Defendant Brian Owen is an individual residing in Texas. Mr. Owen may be served at 908 Town & Country Blvd., Ste. 120, Houston, TX 77024, or where found.

8. Marathon Oil Company is an Ohio corporation with its principal place of business in Houston, Texas. Marathon may be served through its registered agent for service of process, CT Corporation System, at 1999 Bryan St., Ste. 900, Dallas, TX 75201, or where found.

### III.   JURISDICTION AND VENUE

9. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 et. seq. Jurisdiction is further conferred on this Court by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce..."

10. This Court has personal jurisdiction over Defendants because they are Texas residents. This Court's assertion of jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1) because Defendants reside in this judicial district. Moreover, venue is also proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because, as provided below, a substantial part of the events or omissions giving rise to this claim occurred in this judicial district.

## IV. COVERAGE

12. At all relevant times, Defendants have acted, directly or indirectly, as an employer or joint employer with respect to Plaintiff and others similarly situated. Defendants are jointly responsible for all decisions related to the wages to be paid to HSE Advisors, the work to be performed by the HSE Advisors, the locations of work performed by the employees, the hours to be worked by the HSE Advisors, and the compensation policies with respect to the HSE Advisors.

13. At all relevant times, Defendants have each operated an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

14. At all relevant times, Defendants have each operated an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had an annual gross sales volume of sales made or business done of not less than $500,000.

15. At all relevant times, Plaintiff, and others similarly situated, were employees for Defendants who were engaged in commerce or in the production of goods for commerce.

## V. FACTUAL BACKGROUND

16. Marathon is an international energy company engaged in exploration and production of oil and gas. Marathon has operations across the United States, including in Texas, Oklahoma, North Dakota, Wyoming and Colorado. It also operates in the Gulf of Mexico as well as in Africa, Europe and the Middle East. As part of its operations, Marathon needs to ensure that

its drilling rigs comply with federal, state and local rules and regulations related to occupational safety and the environment.  As such, Marathon employs HSE employees, including HSE Advisors such as Plaintiff and others similarly situated.

17. Because Plaintiff and other Marathon-dedicated HSE Advisors are paid a day rate, and because their schedules are set by Defendants, they are not given any opportunity to share in the profit and/or loss of their services.  They are not allowed the freedom to take or reject assignments - instead they must report to Marathon's rigs as ordered to do by Defendants.  Because they work full time for Defendants, they are not allowed an opportunity to expand their business or to take on other HSE Advisor assignments.

18. No exemption excuses Defendants from paying Mr. York and other similarly situated HSE Advisors overtime rates under the FLSA.

19. Defendants have failed to make a good faith effort to comply with the FLSA.  Instead, Defendants knowingly, willfully or with reckless disregard carried out its illegal pattern or practice regarding overtime compensation.  Plaintiff and those similarly situated are entitled to liquidated damages for such conduct.

20. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Plaintiff has retained the undersigned counsel to represent him and those similarly situated in this action.  Pursuant to the FLSA, Plaintiff and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## VI.  COLLECTIVE ACTION ALLEGATIONS

22. Other employees of Defendants have been victimized by the pattern, practice and policy of Defendants.  Plaintiff is aware that the illegal practices and policies of Defendants have been imposed on other, similarly situated workers.

23. Plaintiff brings his claim on behalf of all current and former HSE Advisors, or similar job descriptions or titles, who worked on a dedicated basis for Marathon.

24. Defendants' compensation policies and procedures with respect to Plaintiff and the Collective Class and wages paid to Plaintiff and the Collective Class are substantially similar, if not identical.

25. Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendant's general application of compensation policies and procedures, and does not depend on individualized circumstances of Plaintiff or other members of the Collective Class.

26. Although the issue of damages may be individual in character, this does not detract from the common nucleus of facts with respect to Defendants' liability under the FLSA.

27. Plaintiff files this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b).  Plaintiff brings these claims on his own behalf and on behalf of those similarly situated who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

28. Plaintiff requests that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective

action may be distributed, including their names, dates of employment, job titles, last know addresses, and telephone numbers.

29. Plaintiff seeks to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiff's counsel as required by 29 U.S.C. § 216(b).

30. Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

31. Plaintiff will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

### VII. CAUSE OF ACTION - VIOLATIONS OF THE FLSA

32. The foregoing allegations are incorporated herein by reference.

33. Plaintiff and others similarly situated were non-exempt employees of Defendants.

34. Plaintiff and others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

35. Defendants violated 29 U.S.C. § 201 et. seq. by failing to pay Plaintiff or others similarly situated overtime compensation at a rate of one-and-a-half times the appropriate regular rate.

36. In further violation of the FLSA, Defendants failed to maintain accurate employee pay records, including the number of hours worked per workweek by Plaintiff and other similarly situated employees.

37. Plaintiff, individually and on behalf of others similarly situated, seeks all unpaid overtime compensation and an additional equal amount as liquidated damages for a period of

three years from the date of the filing of this complaint, as well as reasonable attorney's fees, costs and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VIII.   RELIEF SOUGHT

WHEREFORE, Plaintiff, individually and on behalf of others similarly situated, respectfully requests that Defendants be required to answer and appear, and that on final hearing, Plaintiff and other members of the collective action be awarded:

a. Unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times the employee's regular rate of pay;

b. Liquidated damages in an amount equal to the unpaid overtime compensation;

c. Attorney's fees, costs and expenses;

d. Pre- and post-judgment interest at the highest rates allowed by law; and

e. All other relief, at law or in equity, to which they, and others similarly situated, may be justly entitled.

Respectfully submitted,

/s/ Josh Borsellino
Josh Borsellino
State Bar No. 24045532
Southern District of Texas Number 639625
Borsellino, P.C.
1020 Macon St., Suite 15
Fort Worth, Texas 76102
Telephone: (817) 908-9861
Facsimile: (817) 394-2412
Email: josh@dfwcounsel.com

**ATTORNEY-IN-CHARGE FOR PLAINTIFF**