UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

United States District Court
Southern District of Texas
**ENTERED**
April 11, 2016
David J. Bradley, Clerk

| | |
|---|---|
| TOMMY YORK,<br>Individually and on Behalf of<br>All Others Similarly Situated,<br><br>PLAINTIFF,<br><br>v.<br><br>RWDY, INC., BRIAN OWEN, AND<br>MARATHON OIL COMPANY,<br><br>DEFENDANT. | § § § § § § § § § § § § §  No. 4:15-cv-3076 |

## AGREED PROTECTIVE ORDER

Plaintiff Tommy York and Defendants Marathon Oil Company, RWDY, Inc, and Brian Owen respectfully request that the Court enter the following Agreed Protective Order.

Upon motion of the Parties, the Court specifically finds that good cause exists for entry of the following Agreed Protective Order.

IT IS HEREBY ORDERED:

1. <u>Definitions:</u> For the purpose of this Order, the following definitions will apply:

   A. "Action" shall mean the above-captioned action styled, *Tommy York v. RWDY, Inc., Brian Owen, and Marathon Oil Company,* No. 4:15-cv-3076, In the United States District Court for the Southern District of Texas, Houston Division, and, if applicable, all subsequent appellate, review, remand, and severed proceedings related thereto.

   B. "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity Confidential Information, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

C. "Parties" shall mean the named parties to this Action. A "party" shall mean any of the parties.

D. "Third Party" shall mean any natural person, partnership, corporation, association or other legal entity that is not a named party, as defined above.

E. "Producing Party" shall mean any party or Third Party that produces, intends to produce or has been requested, subpoenaed or otherwise required to produce any confidential material, as hereinafter defined, in this Action.

F. "Receiving Party" shall mean any part that receives any Confidential Information, as hereinafter defined, in this Action.

G. "Confidential Information" shall mean all material that a party asserts in good faith to be of a proprietary business or confidential nature and that the party would not normally reveal to competitors, potential competitors, and/or other Third Parties, or that the party would cause Third Parties to maintain in confidence, including, but not limited to, the following examples:

    i. any and all materials related to any person's employment with either of the defendants;

    ii. any and all materials related to any contract services performed by any person on behalf or for either of the defendants;

    iii. employment applications;

    iv. employee manuals and handbooks;

    v. personnel files and evaluations;

    vi. company forms, manuals, and guides;

    vii. written agreements and contracts;

        vii.    personal and/or medical information;

        viii.    marketing and sales information;

        ix.    information subject to confidentiality or non-disclosure agreements;

        x.    information that is protected by rights of privacy under state or federal law;

        xi.    any other information that would qualify as confidential pursuant to the Federal Rules of Civil Procedure or any other applicable legal standard.

2.    <u>Use of Confidential Information</u>:

    A.    Confidential Information received by a party shall be used by that party and its counsel solely for purposes of this Action and shall not be used for any other purpose, including, without limitation, any business, commercial, or personal purpose.

    B.    This Agreed Protective Order shall not be deemed to preclude or affect a Producing Party's use of its own Confidential Information, for any purpose, or a party's use of any documents, materials, or information obtained independently of discovery in this Action.

    C.    The Parties, in conducting discovery from Third Parties after the date of this Agreed Protective Order, shall attach to such discovery requests a copy of this Agreed Protective Order and a cover letter that will apprise such Third Parties of their rights hereunder.

    D.    This Agreed Protective Order shall not preclude any party from using Confidential Information during any trial or in motions or other court proceedings in this case.

3.    <u>Designation of Confidential Information</u>:

    A.    A Producing Party may designate material as Confidential Information by placing on or affixing to it (or otherwise declaring, if affixation is not practical), in a manner that

shall not interfere with its legibility, the notation "Confidential" on each page or part of the document or thing containing Confidential Information. Such a designation shall constitute a good-faith representation by counsel for the Producing Party that the document or thing constitutes or contains Confidential Information. Such a designation shall, where practicable, be made prior to or contemporaneously with production or disclosure except in the case of depositions and except in other circumstances where such contemporaneous designation by affixation is not practicable, in which case the Producing Party shall make the designation as soon as practicable after production. Depositions shall be designated as Confidential Information as set forth in paragraph 6 herein. To the extent the Parties have produced material before the entry of this Agreed Protective Order, all such material shall be deemed "Confidential Information" regardless of whether it is so marked.

    4.    <u>Disclosure of Confidential Information</u>:

        A.    Confidential Information shall not, directly or indirectly, be disclosed or otherwise provided to anyone except:

            i.    the court and its personnel in this Action;

            ii.    the Parties;

            iii.    counsel to the Parties in this Action;

            iv.    clerks, paralegals, secretaries, and other persons employed by counsel of any party to this Action when necessary to provide litigation support regarding this Action;

            v.    experts and professional consultants who have been retained by any party to this Action and who have a need to know or to review said Confidential Information in order to assist counsel in this litigation, including preparation for the trial;

4

vi.    court reporters and deposition transcript reporters who are retained to record testimony in this Action;

vii.    a potential witness whose deposition is being taken in this Action, provided that the witness:

a.    has personal knowledge as to the substance of the Confidential Information, provided that non-parties do not receive copies of the documents or otherwise record for their use any information contained in such documents;

b.    is an expert who is designated by a Producing Party or who is entitled to access to such Confidential Information under the terms of this Agreed Protective Order; or

c.    is a designated corporate representative witness.

B.    Counsel for the Parties and/or their staff shall at all times have and maintain physical custody and control over all Confidential Information and shall also be responsible for ensuring that such Confidential Information does not leave their custody and/or is not Disclosed orally to any Third Party. Failure to make diligent efforts to comply with this requirement shall be grounds for the imposition of sanctions at the discretion of the court.

5.    <u>Disclosure to Experts:</u>

A.    Prior to Disclosing or seeking to Disclose any Confidential Information to any expert, counsel for the party in question shall determine that Disclosure to such expert of such Confidential Information is, in that counsel's good-faith judgment, reasonably necessary to that counsel's representation of a party in this Action.

B.    Confidential Information shall not, directly or indirectly, be Disclosed or otherwise provided to an expert unless such expert agrees in writing:

5

        i.     to maintain the security of such Confidential Information when such Confidential Information is not being reviewed;

        ii.     to return such Confidential Information and all copies thereof to counsel for the Parties, as appropriate, on the conclusion of the expert's assignment or retention; and

        iii.     not to Disclose such Confidential Information to anyone, except as permitted by this Agreed Protective Order; and to use such Confidential Information therein solely for the purpose of rendering expert witness services to a party to this action, including providing testimony in this Action.

    6.    <u>Use of Confidential Information at Depositions:</u>

The portions of any deposition transcript that counsel for any party has designated on the record at the deposition as confidential and any confidential material that is marked as a deposition exhibit shall be treated as Confidential Information. Notwithstanding the foregoing, the entirety of all deposition transcripts shall be deemed Confidential Information for 20 days after the transcript is delivered to all Parties' counsel. During that 20-day period, either party's counsel may designate via letter to all counsel, by page and line number (insofar as practicable), any portion of a deposition transcript, to the extent not previously designated, as Confidential Information.

    7.    <u>Challenging Confidentiality Designations</u>

In the event that any party disagrees with the designation of any item as Confidential Information and subject to this Agreed Protective Order, that party shall send a written notice to counsel of record specifying the item in question. The Parties shall attempt in good faith to resolve any disagreement over the confidentiality of the item. Should the Parties fail to reach

agreement, the Producing Party may, within 45 days of receiving a written notice specifying the items in question, file a Motion to Preserve Confidential Status. Any item in dispute will continue to be treated as confidential and subject to this Agreed Protective Order until such time as the Court rules that it is not. Should the Producing Party fail to file, within 45 days of receiving such written notice, a motion with the court to preserve the confidential status of such documents, the documents will be deemed not confidential.

8. <u>Presentation of Confidential Material to the Court:</u>

A. Any party seeking to file a document containing Confidential Information under seal may do so by filing a motion to seal, showing good cause for the sealing.

B. As to testimony elicited or exhibits offered or used during the hearings and other proceedings or at the trial of this Action, the courtroom and proceedings shall remain open unless otherwise ordered by the court.

9. <u>Inadvertent Disclosure of Confidential Information:</u>

Inadvertent failure to designate any material as Confidential Information pursuant to this Agreed Protective Order shall not constitute a waiver of any otherwise valid claim for protection thereof, so long as such claim is asserted within 15 days of the discovery of the inadvertent failure. At such time, arrangements shall be made for the Producing Party appropriately to mark such material in accordance with this Agreed Protective Order.

10. <u>Inadvertent Disclosure of Work Product or Privileged Information:</u>

The inadvertent or mistaken production of material subject to a claim of attorney-client, work product or other privilege or protection shall not be deemed a waiver of a claim of privilege. A Producing Party that mistakenly or inadvertently produces material subject to any claim of privilege or protection from discovery may, promptly upon discovery of such

7

disclosure, request that the parties receiving such material return it. A party receiving such material shall use its best efforts to return all copies thereof within three business days after the request is received and the Producing Party serves on the receiving party a privilege log that lists the items to be returned in a manner and with sufficient detail to comply with applicable law. The party receiving such material shall use its best efforts to destroy or redact any notes or summaries referring or relating to the privileged information in any such material.

11. <u>No duty to Produce</u>:

By entering into this Agreed Protective Order, the Parties do not waive any objections raised in response to discovery, nor does this Agreed Protective Order in any way obligate any party to produce any specific documents or records in the future that the party deems inappropriate for production. Nothing contained in this Agreed Protective Order shall prejudice the right of any party to urge or contest the alleged relevancy or admissibility of any information or any documents subject to this Agreed Protective Order, nor shall this Agreed Protective Order be construed as a waiver by any party of its claims or objections regarding the discoverability of any information sought by discovery in this case.

12. <u>Subpoena of Confidential Information</u>

If Confidential Information in possession of a party to this Action is requested or subpoenaed by any court, administrative agency, legislative body, or any other Third Party, the party to whom the subpoena is directed shall (i) immediately notify in writing counsel for the Producing Party, advising such counsel of the response time for the order, subpoena, or request and providing not less than ten (10) days to file objections, and (ii) notify the court, person, or entity of the existence of this Agreed Protective Order and that the information demanded or requested has been identified as Confidential Information pursuant to this Agreed Protective

Order. The responsibility for attempting to prevent the disclosure or production of Confidential Information shall rest exclusively with the party who designated the information as confidential. If the Producing Party properly objects to Disclosure of the Confidential Information, the subpoenaed party shall not Disclose the Confidential Information without the written consent of the Producing Party or an order of the court or tribunal having jurisdiction over the subpoena.

13. <u>Duty to Report</u>:

When any counsel of record in this Action or any counsel who has executed or filed a confidentiality agreement or confidentiality undertaking becomes aware of any violation of this Agreed Protective Order or of a confidentiality agreement or undertaking related to this Action, or of facts constituting good cause to believe that such a violation may have occurred, such counsel shall promptly report, with all relevant particulars to assist in aiding any investigation, to this Court and to counsel for the Producing Party that there may have been such a violation.

14. <u>Continuing Jurisdiction</u>:

After the conclusion of this Action, the provisions of this Agreed Protective Order shall continue to be binding until further order of this Court, and this Court shall retain jurisdiction over the Parties and any other person who has had access to Confidential Information pursuant to this Agreed Protective Order, in order to enforce the provisions of the Agreed Protective Order.

15. <u>Conclusion of Litigation</u>:

Upon the conclusion of this Action, whether by judgment, settlement, or otherwise, counsel of record and each party, person, and entity who obtained Confidential Information subject to this Agreed Protective Order shall assemble and return all Confidential Information to the Producing Party. No originals, copies, summaries, or other embodiment of any such Confidential Information shall be retained by any person or entity to whom Disclosure was made.

16. <u>Privilege</u>:

Nothing in this Agreed Protective Order shall constitute a waiver of the attorney-client, attorney work product, or trial preparation privileges or limit any party to object to the scope of discovery or to any particular discovery request in this litigation. Nothing in this Agreed Protective Order shall prevent or otherwise restrict any counsel from rendering advice to his or her client and, in the course thereof, relying generally on his or her examination of Confidential Information.

17. <u>Violations</u>:

Any violation of the terms of this Agreed Protective Order may result in sanctions to be fixed by the Court in its discretion.

SIGNED this _11th_ day of _April_, 2016.

_____
UNITED STATES DISTRICT JUDGE