United States District Court
Southern District of Texas
**ENTERED**
September 30, 2016
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| TOMMY YORK, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| vs. | § § | CIVIL ACTION NO. 4:15-cv-3076 |
| RWDY, INC., BRIAN OWEN, AND MARATHON OIL COMPANY | § § § § | |
| Defendants. | § | |

### ORDER GRANTING JOINT MOTION TO APPROVE SETTLEMENT AGREEMENT AND RELEASE AND TO DISMISS WITH PREJUDICE

Before the Court is Plaintiff Tommy York ("Plaintiff") and Defendants Marathon Oil Company, RWDY, Inc., and Brian Owen's (collectively, "Defendants") Joint Motion to Approve Settlement Agreement and Release and to Dismiss with Prejudice (the "Motion").

In his Original Complaint, Plaintiff alleges that Defendants, as joint employers, misclassified him and a putative class of similarly situated Health, Environment, and Safety ("HES") Advisors as independent contractors and failed to pay them proper overtime wages for hours worked in excess of 40 in a workweek in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

Following a mediation, the parties entered into a Settlement Agreement and Release ("Agreement") in which they have resolved the claims of Plaintiff and the members of the above-described putative class whom Plaintiff seeks to represent in this lawsuit. As a result of this

settlement, the parties have jointly moved the Court for approval of their Agreement and requested that the Court enter a final judgment dismissing this matter with prejudice.

The FLSA provides that "any employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of unpaid wages, or their unpaid overtime compensation, as the case may be...." 29 U.S.C. § 216(b). FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 350, 1353 (11th Cir.1982). If the settlement reflects "a reasonable compromise over issues," the court may approve it. *Id.* at 1354.

In this case, there are genuine disputes over, among other things, whether Marathon was an employer of Plaintiff and/or other members of the proposed class, whether Plaintiff and the other proposed class members were properly classified as independent contractors, and the amount, if any, of overtime pay and attorney's fees due. Thus, Court finds that there is a bona fide dispute between the parties under the FLSA.

The Court has reviewed the Agreement and finds that the amounts to be paid by Defendants to Plaintiff, the members of the putative class, and Plaintiff's counsel are fair and reasonable. Accordingly, this Court finds that the proposed settlement represents a fair and reasonable compromise of the bona fide dispute between the parties. As a result, the Court finds that the parties' Motion should be in all things GRANTED.

It is therefore ORDERED that the parties' Agreement is hereby approved. It is further ORDERED that the above-styled matter is dismissed with Prejudice.

Signed this 30th day of September, 2016.

_____
United States District Judge